UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME ECHEVARRIA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., a Maryland corporation,<br><br>Defendant. | Case No. 16-cv-04041-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY PAGA CLAIM**<br><br>[Re: ECF 10] |

Plaintiff Jaime Echevarria[1] brings this putative class action against Defendant Aerotek, Inc., a temporary staffing company, alleging violations of California's Labor Code and Unfair Competition Law ("UCL") based on Aerotek's failure to pay temporary service employees for time spent attending mandatory orientation meetings. Aerotek moves to compel arbitration of Echevarria's individual claims, dismiss his class claims, and stay his claim asserted under California's Private Attorneys General Act ("PAGA"). Aerotek's motion is DENIED for the reasons discussed below.

I.  **BACKGROUND**

Aerotek is a temporary staffing company which "provides a full range of recruitment and staffing solutions to meet the needs of Aerotek's clients by hiring temporary employees – sometimes referred to as 'contract employees' – for work on temporary assignments at client sites." Schenk Decl. ¶ 4, ECF 10-7. When Aerotek extends a job offer of temporary employment

---

[1] Plaintiff's name is spelled "Echevarria" on some documents in the record and "Echeverria" on others. The Court uses the former spelling, which appears on the complaint and the docket in this case. If that spelling is incorrect, Plaintiff may file an appropriate motion to correct it.

to an individual, Aerotek sends the individual a welcome email containing a link to a software system known as "Onboarding Automation" which is used for the online completion of new-hire paperwork. *Id.* ¶¶ 6-7.

Echevarria interviewed with Aerotek on April 22, 2016 for a temporary position as a metal detailer. Villanueva Decl. ¶ 3, ECF 10-12. The position required inspection of metal parts for use in firefighting equipment, deburring the parts, detailing them, and washing them. *Id.* ¶ 4. Aerotek decided to hire Echevarria and sent him a welcome email on April 26, 2016 with directions to complete "online onboarding paperwork" and a link to the Onboarding Automation system. Schenk Decl. ¶ 8 and Exh. A, ECF 10-7.

Among the documents that Echevarria completed as part of the onboarding process was a Mutual Arbitration Agreement. Del Rosario Decl. ¶¶ 6-7 and Exh. A, ECF 10-13. With some exceptions not relevant here, the Mutual Arbitration Agreement provides that (1) all claims between Echevarria and Aerotek will be resolved by arbitration, and (2) all claims must be brought in a party's individual capacity and may not be maintained on a class action, collective action, or representative basis. Mutual Arbitration Agreement, Del Rosario Decl. Exh. A. Just above the signature line, the Mutual Arbitration Agreement states as follows: "My affirmative signature and/or acknowledgement of this Agreement is not required for the Agreement to be enforced. If I begin working for Aerotek, Inc. without signing this Agreement, this Agreement will be effective, and I will be deemed to have consented to, ratified and accepted this Agreement through my acceptance of and continued employment with Aerotek, Inc." *Id.* Echevarria electronically signed the Mutual Arbitration Agreement on April 27, 2016, and an Aerotek representative electronically counter-signed it on April 29, 2016. Del Rosario Decl. ¶ 7 and Exh. A.

Echevarria was assigned to work at one of Aerotek's clients, Flextronics America, LLC. Villanueva Decl. ¶ 5. He worked for approximately one week and then failed to show up on May 10, 2016. *Id.* When an Aerotek representative called Echevarria about his absence, Echevarria resigned. *Id.* Echevarria filed this action in the Santa Clara County Superior Court on June 17, 2016, asserting class and PAGA claims based on Aerotek's failure to pay temporary service employees for time spent attending mandatory orientation meetings. Aerotek removed the case to

federal district court on July 18, 2016 and it now seeks to compel arbitration of Echevarria's individual claims, dismiss his class claims, and stay his PAGA claim.

**II.   DISCUSSION**

    **A.   Aerotek's Evidentiary Objections**

The Court STRIKES Aerotek's evidentiary objections (ECF 15) to Echevarria's declaration. The objections were submitted in a separate document rather than being incorporated into Aerotek's reply brief as required by this Court's Civil Local Rules and the undersigned's standing order. *See* Civ. L.R. 7-3(c); Standing Order Re Civil Cases ¶ E.7.

    **B.   Aerotek's Motion**

Aerotek contends that under the Mutual Arbitration Agreement executed by the parties in April 2016, Echevarria's class claims must be dismissed and his individual claims must be arbitrated. Aerotek acknowledges that the class action waiver does not preclude Echevarria's PAGA claim, *see Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 431 (9th Cir. 2015), but it requests that the PAGA claim be stayed pending arbitration of Echevarria's individual claims.

        **1.   Motion to Dismiss Class Claims**

While Aerotek's motion to dismiss Echevarria's class claims may have been meritorious when it was filed, the Ninth Circuit changed the legal landscape only days afterward when it issued its decision in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (2016). In *Morris*, two individuals brought a class and collective action against Ernst & Young for misclassification of employees and denial of overtime wages in violation of the Fair Labor Standards Act and California labor laws. *Id.* at 979. As a condition of employment, both individuals were required to sign agreements not to join with other employees in bringing legal claims against Ernst & Young. *Id.* The concerted action waiver required employees to pursue claims against Ernst & Young only through arbitration and only as individuals. *Id.* The district court granted Ernst & Young's motion to compel arbitration, ordered individual arbitration, and dismissed the case. *Id.* The Ninth Circuit reversed and remanded, holding that the concerted action waiver in the arbitration agreement was unenforceable, as it interfered with employees' substantive rights to concerted activity under the National Labor Relations Act. *Id.* at 980. The Ninth Circuit

1  distinguished its earlier *Johnmohammadi* decision in which it enforced a collective action waiver,
2  noting that unlike the *Morris* plaintiffs, the *Johnmohammadi* plaintiff had the opportunity to opt
3  out of the arbitration agreement but chose not to. *Id.* at 982 n.4. The defendant in
4  *Johnmohammadi*, Bloomingdales, provided employees with an opt-out form which could be
5  returned within thirty days after hiring. *Johnmohammadi v. Bloomingdale's Inc.*, 755 F.3d 1072,
6  1074 (9th Cir. 2014).

      Courts in this district have applied *Morris* and *Johnmohammadi* to find that class action waivers contained in arbitration agreements are unenforceable where the employer does not provide employees with a meaningful opportunity to opt out of the arbitration agreement. For example, in *Gonzalez v. Ceva Logistics U.S., Inc.*, No. 16-cv-04282-WHO, 2016 WL 6427866 (N.D. Cal. Oct. 31, 2016), the plaintiff submitted an online application for a position with the defendant, a temporary staffing company. As part of that process, the plaintiff was required to complete a "Legal Acknowledgements" section which included, among other provisions, an arbitration provision containing a class action waiver. *Id.* at *1-2. While most of the provisions in the Legal Acknowledgements section were mandatory fields, so designated by red asterisks, the arbitration provision was not mandatory and did not have a red asterisk next to it. *Id.* at *2. Thus it would have been possible for the plaintiff to submit the application without completing or e-signing the arbitration provision. *Id.* The defendant argued that under those circumstances the arbitration provision was not a condition of employment and therefore *Johnmohammadi* governed rather than *Morris*. The district court disagreed, holding that "[a]n employer does not provide employees a meaningful opportunity to opt out of an arbitration agreement when it fails to provide any opt-out procedures and does not otherwise explain to employees that they may opt out." *Id.* at *5. The online application did not include any explanation of the significance of the asterisks and did not explain anywhere that applicants could opt out of the arbitration provision. *Id.* On that record, the district court found the class action waiver to be unenforceable.

      In the present case, Aerotek's online application process not only failed to inform Echevarria that he could opt out of the Mutual Arbitration Agreement, but the Mutual Arbitration Agreement stated expressly that it would be enforced *whether or not Echevarria signed it*. Mutual

4

Arbitration Agreement, Del Rosario Decl. Exh. A.  Aerotek nonetheless argues that the Mutual Arbitration Agreement was not a condition of employment, and thus that *Morris* does not govern. Aerotek submits the declaration of its employee, Allison Schenk, who states that Aerotek's contract employees are not required to sign the Mutual Arbitration Agreement.  Schenk Decl. ¶ 11, ECF 10-7.  Ms. Schenk describes a process whereby an applicant may contact an Aerotek Field Support Group Representative to sign a paper version of the application materials which omits the Mutual Arbitration Agreement.  *Id.*  It is unclear how effective such a procedure would be given the express language of the Mutual Arbitration Agreement stating that even if the applicant does not sign, the applicant will be deemed to have consented to, ratified, and accepted the Mutual Arbitration Agreement through his acceptance of and continued employment with Aerotek.  *See* Mutual Arbitration Agreement, Del Rosario Decl. Exh. A.  However, even accepting Aerotek's representation that there was a process whereby an applicant could opt out of the arbitration provision, there is no evidence that Aerotek *informed* applicants of such process.  Echevarria has submitted a declaration stating that during the onboarding process, he was not given instructions on how to opt out of the Mutual Arbitration Agreement.  Echevarria Decl. ¶ 2, ECF 12-1.[2] Therefore, on this record, it does not appear that Echevarria had a meaningful opportunity to opt out of the Mutual Arbitration Agreement.  Consequently, this Court concludes that the class action waiver contained in that agreement is unenforceable under *Morris* and *Gonzalez.*

At the hearing, both parties agreed that if the class action waiver is unenforceable, class claims must proceed in this Court rather than in arbitration.  The Court agrees that it cannot compel arbitration of class claims where the parties did not contract to submit to class-wide arbitration.  *See Stolt-Nielsen S.A. v. Animal Feeds Int'l. Corp.*, 559 U.S. 662, 684 (2010) ("[A] party may not be compelled under the FAA to submit to class arbitration unless there is a contractual basis for concluding that the party agreed to do so.").  The Mutual Arbitration Agreement does not include an agreement to arbitrate class claims – to the contrary, it provides that *no* covered claims may proceed in arbitration.  *See* Mutual Arbitration Agreement, Del

---

[2] The Court has stricken Aerotek's objections to Echevarria's declaration for the reasons discussed above.

Rosario Decl. Exh. A.

Because it concludes that the class action waiver contained in the Mutual Arbitration Agreement is unenforceable, the Court DENIES Aerotek's motion to dismiss Echevarria's class claims.

### 2. Motion to Compel Arbitration of Individual Claims

Aerotek argues that even if the class action waiver is unenforceable, Echevarria must be compelled in arbitrate his individual claims. That argument is without merit because compelling Echevarria to arbitrate his individual claims effectively would preclude him from pursuing class claims. *See Whitworth v. Solarcity Corp.*, No. 16-CV-01540-JSC, 2016 WL 6778662, at *4 (N.D. Cal. Nov. 16, 2016) (clause which would compel the plaintiff to resolve his claims individually rather than collectively is unenforceable for the same reason as class action waiver); *Gonzalez*, 2016 WL 6427866, at *7 ("[I]f the arbitration agreement is enforced, even without the class waiver, Gonzalez would still be limited to pursuing individual actions in arbitration. And under *Morris*, such a procedure would violate the NLRA by preventing Gonzalez from pursing her employment claims through collective action.").

Accordingly, the Court DENIES Aerotek's motion to compel arbitration of Echevarria's individual claims.

### 3. Motion to Stay PAGA Claim

Given the Court's disposition of Aerotek's motion to dismiss Echevarria's class claims and compel arbitration of his individual claims, Aerotek's motion to stay the PAGA claim is MOOT.

### 4. Request for Delay in Ruling

Aerotek requests that the Court delay any adverse ruling on its motion pending disposition of the petition for writ of certiorari that has been filed in *Morris*. However, even if the petition were granted, this Court would not be inclined to stay litigation of this case for the length of time necessary to permit the Supreme Court to issue a decision on the merits.

Aerotek's request for a delay in ruling on its motion is DENIED.

//

//

**III.   ORDER**

For the foregoing reasons, Aerotek's motion is DENIED.

Dated:  January 3, 2017

_____
BETH LABSON FREEMAN
United States District Judge