# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JAIME ECHEVARRIA,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., a Maryland corporation,<br><br>Defendant. | Case No. 16-cv-04041-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS REPRESENTATIVE CLAIM; GRANTING PLAINTIFF'S MOTION TO REMAND; AND STAYING REMAND ORDER FOR THIRTY DAYS**<br><br>[Re: ECF 86, 88] |

Before the Court are two motions: (1) Defendant Aerotek, Inc.'s Motion to Compel Individual Arbitration and Dismiss Representative Claim, and (2) Plaintiff Jaime Echevarria's Motion to Remand. For the reasons discussed below, Aerotek's motion is DENIED, and Echevarria's motion to remand is GRANTED. The remand order is STAYED for thirty days to afford Aerotek an opportunity to file a notice of appeal.

## I. BACKGROUND

After approximately one week of employment by Aerotek, a temporary staffing agency, Echevarria filed this lawsuit in the Santa Clara County Superior Court, asserting putative class claims on behalf of Aerotek's current and former temporary services employees for violations of

state labor laws and unfair competition laws. Notice of Removal Exh. 1, ECF 1. Echevarria also asserted a representative claim under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698. *Id*. Aerotek removed the action to federal district court, premising federal subject matter jurisdiction on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Notice of Removal ¶¶ 3-5, ECF 1.

Shortly after removal, Aerotek filed a motion to compel individual arbitration, dismiss the class claims, and stay the PAGA claim, relying on an arbitration agreement signed by the parties. Motion to Compel, ECF 10. This Court denied that motion, concluding that the agreement's class action waiver was unenforceable under then-binding Ninth Circuit authority, *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016). Order Denying Motion to Compel, ECF 42. While Aerotek's appeal was pending, the Supreme Court issued *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), reversing *Morris* and holding that arbitration agreements which preclude class or collective actions are enforceable. In light of *Epic*, the Ninth Circuit vacated and remanded for further proceedings. Order of USCA, ECF 75.

Upon remand, the parties entered into a stipulation providing that, "after conferring regarding the impact of *Epic Systems* on the issues raised in this case, the parties agreed that Plaintiff shall dismiss without prejudice his individual and proposed class claims, [and] that he shall proceed only with his proposed representative claim under PAGA." Stipulation at 3, ECF 78. Consequently, only Echevarria's PAGA claim remains before the Court.

Aerotek contends that, under the parties' arbitration agreement as viewed in light of *Epic*, Echevarria's representative PAGA claim must be dismissed and any individual PAGA claim must be arbitrated. Aerotek has filed a Motion to Compel Individual Arbitration and Dismiss Representative Claim. Echevarria opposes Aerotek's motion, and he has filed a Motion to Remand the case to the state court. Aerotek opposes remand.

## II.   AEROTEK'S MOTION TO COMPEL INDIVIDUAL ARBITRATION AND DISMISS REPRESENTATIVE CLAIM

Before Echevarria began his employment with Aerotek, he electronically signed a Mutual Arbitration Agreement providing that:

2

> Except (i) as expressly set forth in the section, "Claims Not Covered by this Agreement," *all disputes, claims, complaints, or controversies ("Claims") that I may have against Aerotek, Inc* and/or any of its subsidiaries, affiliates, officers, directors, employees, agents, and/or any of its clients or customers (collectively and individually the "Company"), or that the Company may have against me, including contract claims; tort claims; discrimination and/or harassment claims; retaliation claims; claims for wages, compensation, penalties or restitution; and any other claim under any federal, state, or local statute, constitution, regulation, rule, ordinance, or common law, *arising out of and/or directly or indirectly related to* my application for employment with the Company, and/or my employment with the Company, and/or the terms and conditions of my employment with the Company, and/or termination of *my employment with the Company (collectively "Covered Claims"), are subject to confidential arbitration pursuant to the terms of this Agreement and will be resolved by Arbitration and NOT by a court or jury.* The parties hereby forever waive and give up the right to have a judge or a jury decide any Covered Claims.

Mutual Arbitration Agreement p. 1 (emphasis added), Exh. 1 to RJN, ECF 86-2.

Importantly, the arbitration agreement also contains the following language which expressly precludes the pursuit of claims on a class, collective, or representative basis:

> No Covered Claims may be initiated or maintained on a class action, collective action, *or representative action basis* either in court or arbitration.
>
> . . . .
>
> All claims must be brought in a party's individual capacity and unless the parties expressly agree in writing, Covered Claims may not be joined or consolidated in court or arbitration with other individuals' claims, and no damages or penalties may be sought or recovered on behalf of other individuals.

*Id.* (emphasis added).

There is no dispute that Echevarria electronically signed the arbitration agreement or that, if enforced, the agreement's express waiver of representative actions would bar his representative PAGA claim. The question presented by Aerotek's motion is whether the waiver is enforceable in light of the Ninth Circuit's decision in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015), holding that an arbitration agreement's waiver of representative actions is not enforceable to bar PAGA claims.

Before turning to the parties' arguments on enforceability, the Court addresses Echevarria's suggestion that this Court may lack subject matter jurisdiction over the PAGA claim and thus may not be the proper forum to adjudicate Aerotek's motion. *See* Opp. to Motion to Compel Indiv. Arbitration, ECF 87. As discussed below, the Court has supplemental jurisdiction

over the PAGA claim. While it declines to exercise that supplemental jurisdiction to retain the PAGA claim, the Court finds that in light of the resources already expended on briefing and arguing Aerotek's motion here, it is appropriate for the Court to address the motion prior to remand. At the hearing, Aerotek's counsel asked the Court to rule on its motion even if the Court also grants remand.

Aerotek summarizes the issue presented by its motion as follows:

> This motion asks this Court to decide whether the United States Supreme Court's recent decision in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), confirming that class and collective action waivers in arbitration agreements must be enforced according to their terms pursuant to the Federal Arbitration Act ("FAA"), abrogated the Ninth Circuit's decision in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425, 427 (2015), which held that Private Attorneys General Act ("PAGA") representative action waivers in arbitration agreements are not enforceable.

Motion to Compel Indiv. Arbitration at 9, ECF 86. This Court concludes that *Epic* did not abrogate *Sakkab*, and therefore that Aerotek has not demonstrated grounds for dismissal of Echevarria's representative PAGA claim.

In *Sakkab*, the Ninth Circuit considered whether the Federal Arbitration Act ("FAA") preempts the California rule announced in *Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348 (2014), under which waivers of representative PAGA claims are unenforceable. *See Sakkab*, 803 F.3d at 427. After examining the history and purpose of the FAA, as well as the United States Supreme Court's decision in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), the Ninth Circuit concluded that the *Iskanian* rule is not preempted by the FAA. *Sakkab*, 803 F.3d at 429.

The *Sakkab* court noted that the FAA was enacted "'in response to widespread judicial hostility to arbitration agreements.'" *Sakkab*, 803 F.3d at 431 (quoting *Concepcion*, 563 U.S. at 339). Section 2 of the FAA provides that a written arbitration provision in any contract involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In *Concepcion*, the Supreme Court interpreted the final clause of § 2 – the "saving clause" – to permit "agreements to arbitrate to be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability,

4

1    but not by defenses that apply only to arbitration or that derive their meaning from the fact that an

2    agreement to arbitrate is at issue." *Concepcion*, 131 S. Ct. at 1746 (internal quotation marks and

3    citation omitted). Moreover, even a state law rule that is "generally applicable" may be preempted

4    if it conflicts with the FAA's objectives. *Id.*

5    The Ninth Circuit concluded that *Iskanian* is 'generally applicable' because it "bars any

6    waiver of PAGA claims, regardless of whether the waiver appears in an arbitration agreement or a

7    non-arbitration agreement." *Sakkab*, 803 F.3d at 432. Accordingly, the court determined that the

8    *Iskanian* rule "may be preserved by § 2's saving clause, provided it does not conflict with the

9    FAA's purposes." *Id.* at 433. The FAA was enacted to overcome judicial hostility to arbitration,

10   and "to ensure that private arbitration agreements are enforced according to their terms." *Id.* at

11   434 (internal quotation marks, citation, and alteration omitted). "[T]he FAA embodies a liberal

12   federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural

13   policies to the contrary." *Id.* (internal quotation marks and citation omitted). The question before

14   the Ninth Circuit, then, was whether the *Iskanian* rule interferes with these purposes. *Id.*

15   Answering that question in the negative, the Ninth Circuit emphasized "the fundamental

16   differences between PAGA actions and class actions." *Sakkab*, 803 at 435. In *Concepcion*, the

17   Supreme Court determined that the FAA "pre-empts California's rule classifying most collective-

18   arbitration waivers in consumer contracts as unconscionable." *Concepcion*, 563 U.S. at 339, 346.

19   The Supreme Court held that "[a]lthough the rule does not *require* classwide arbitration, it allows

20   any party to a consumer contract to demand it *ex post*," and thus interferes with the purpose of the

21   FAA because "the switch from bilateral to class arbitration sacrifices the principal advantage of

22   arbitration – its informality – and makes the process slower, more costly, and more likely to

23   generate procedural morass than final judgment." *Id*. at 346-48. The *Sakkab* court found that

24   those considerations are not implicated to the same extent by arbitration of PAGA claims, which

25   are brought as a proxy for the state rather than on behalf of a class and "therefore do not require

26   the formal procedures of class arbitrations." *Sakkab*, 803 F.3d at 436. Because *Iskanian* "leaves

27   parties free to adopt the kinds of informal procedures normally available in arbitration," and "only

28   prohibits them from opting out of the central feature of the PAGA's private enforcement scheme –

the right to act as a private attorney general to recover the full measure of penalties the state could recover," the Ninth Circuit concluded that "the *Iskanian* rule does not conflict with the FAA." *Sakkab*, 803 F.3d at 439.

*Epic* neither overrules *Sakkab* expressly nor undercuts its reasoning in such a way as to render the two cases irreconcilable. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) ("[C]ircuit precedent, authoritative at the time that it issued, can be effectively overruled by subsequent Supreme Court decisions that 'are closely on point,' even though those decisions do not expressly overrule the prior circuit precedent."). In *Epic*, the Supreme Court held that the National Labor Relations Act does not bar the enforcement of class action waivers or collective action waivers in arbitration agreements between employers and employees. *Epic*, 138 S. Ct. at 1619-20. *Epic* did not address the issues before the *Sakkab* court related to the arbitrability of a claim for civil penalties brought on behalf of the government or the enforceability of an agreement barring such a claim in any forum.

Aerotek asserts that *Epic* nonetheless undercuts *Sakkab* because of its emphasis on individual proceedings as traditional and important aspects of arbitration, and its recognition that permitting a party to demand class proceedings would be a "'fundamental' change to the traditional arbitration process." *See Epic*, 138 S. Ct. at 1623. Aerotek argues that the Supreme Court's expansion on its FAA jurisprudence in *Epic*, combined with recent changes in California law rendering PAGA litigation more complicated, mandate reconsideration of the Ninth Circuit's opinion in *Sakkab*. While this Court agrees that the aspects of *Epic* highlighted by Aerotek may foreshadow a reversal of *Sakkab* were the Supreme Court to take up the interplay between the FAA and *Iskanian* at some future date, "the Supreme Court has been asked to weigh in on whether the FAA preempts *Iskanian* on many occasions; each time it denied certiorari." *Delisle v. Speedy Cash*, No. 3:18-CV-2042-GPC-RBB, 2019 WL 2423090, at *12 n.3 (S.D. Cal. June 10, 2019). This Court agrees with other district courts within the Ninth Circuit that "*Sakkab* is still good law." *Delisle*, 2019 WL 2423090, at *12 n.3; *see also Whitworth v. SolarCity Corp.*, 336 F. Supp. 3d 1119, 1123 (N.D. Cal. 2018) ("*Sakkab* is not clearly irreconcilable with *Epic* . . . . Therefore, in the absence of Ninth Circuit authority stating otherwise, this Court must follow *Sakkab*.").

6

A different result was reached by the district court in *McGovern v. U.S. Bank N.A.*, 362 F. Supp. 3d 850 (S.D. Cal. 2019), which Aerotek brought to the Court's attention by means of a statement of recent decision filed after argument was heard on the parties' motions. In *McGovern*, the district court relied on *Epic* to determine that the FAA preempts the California rule set forth in *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), under which waivers of the right to seek public injunctive relief are unenforceable. *See McGovern*, 362 F. Supp. 3d at 856. In making that determination, the *McGovern* court did not engage with the reasoning or the holding of *Sakkab* in any meaningful fashion. *Sakkab* was addressed only in a footnote, which recognized that application of *Epic* to invalidate *McGill* was "difficult to reconcile" with *Sakkab*. *McGovern*, 362 F. Supp. 3d at 862 n.5. The district court concluded, without any substantive discussion, that "[i]f a federal law (the NLRA) that applies regardless of the existence of an arbitration provision does not implicate the FAA's saving clause to avoid preemption, presumably a state law (the *McGill* rule or Cal. Civ. Code § 3513) that applies regardless of the existence of an arbitration provision does not implicate the saving clause either." *Id*. This conclusory statement is unpersuasive.

Having read *Epic* and *Sakkab* carefully, and having considered the parties' arguments, the Court concludes that *Sakkab* remains good law and therefore that Aerotek's motion to dismiss Echevarria's representative PAGA claim and compel arbitration of any individual PAGA claim must be DENIED.

### III. ECHEVARRIA'S MOTION TO REMAND

The Court next turns to Echevarria's motion to remand the action, which now consists only of his representative PAGA claim. Echevarria asserts that this Court obtained supplemental jurisdiction over the PAGA claim when the class claims were removed pursuant to CAFA, and that the Court should decline to exercise its supplemental jurisdiction now that all the class claims giving rise CAFA jurisdiction have been dismissed. Aerotek asserts that because CAFA jurisdiction was properly invoked at the time of removal, the Court lacks discretion to remand the PAGA claim even though the class claims giving rise to CAFA jurisdiction have been dismissed. Alternatively, Aerotek argues that if Echevarria's statement of the law is correct, the Court should exercise its discretion to continue exercising supplemental jurisdiction over the PAGA claim.

Echevarria filed the complaint in this action in the Santa Clara County Superior Court, asserting three class claims for violation of California labor laws and unfair competition laws (Claims 1, 2, and 4), and a single representative claim under PAGA (Claim 3). Notice of Removal Exh. 1, ECF 1. Aerotek removed the action to federal district court, asserting the existence of jurisdiction pursuant to CAFA. Notice of Removal, ECF 1. Under CAFA, "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). There is no dispute that, at the time of removal, Echevarria's class claims satisfied the jurisdictional requirements for CAFA.

With respect to the PAGA claim, however, the Ninth Circuit has made clear that "CAFA provides no basis for federal jurisdiction." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014). This Court nonetheless acquired supplemental jurisdiction over the PAGA claim under 28 U.S.C. § 1367(a), which provides in relevant part that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." It is apparent on the face of the complaint that the PAGA claim arises out of the same facts as the class claims. *See* Compl. ¶¶ 27-43, Notice of Removal Exh. 1, ECF 1. Accordingly, this Court's jurisdiction over the PAGA claim was and is supplemental to its CAFA jurisdiction over the class claims. *See Vawter v. United Parcel Serv., Inc.*, No. CV 18-1318-RGK-E, 2018 WL 4677583, at *1 (C.D. Cal. Sept. 26, 2018) (recognizing that where action was removed under CAFA, jurisdiction over PAGA claim was supplemental to CAFA jurisdiction); *Thompson v. Target Corp.*, No. EDCV16-00839 JGB (MRWx), 2016 WL 4119937, at *12 (C.D. Cal. Aug. 2, 2016) ("[G]iven that the Court finds it has original jurisdiction over Plaintiff's class claims under CAFA, the Court may exercise supplemental jurisdiction over Plaintiff's PAGA claims.").

A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367. Section 1367(a) provides that "in any civil action of which the district courts have original

jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may, in its discretion, decline to exercise supplemental jurisdiction over a state law claim where one or more of the following circumstances exists: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

"[E]xercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in subdivision (c) is implicated is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). The district court's decision is informed by the "values of economy, convenience, fairness, and comity" articulated by the United States Supreme Court in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *Acri*, 114 F.3d at 1001 (internal quotation marks and citation omitted). Where subject matter jurisdiction is based on federal question, the Ninth Circuit has held that "[i]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (internal quotation marks, citation, and alteration omitted). Aerotek has not cited, and the Court has not discovered, any authority suggesting that the rule should be different where subject matter jurisdiction is based on the specialized diversity provisions of CAFA.

Now that all of the class claims giving rise to CAFA jurisdiction have been dismissed, the Court finds it appropriate to remand the remaining PAGA claim under 28 U.S.C. § 1367(c)(3). This Court has not had occasion to consider the merits of the PAGA claim, and therefore no economy would be lost by remanding the claim. Moreover, PAGA is a purely state law creature, and primary responsibility for developing and applying state law rests with the California courts.

9

*See generally Sakkab*, 803 F.3d at 429 (discussing history and purpose of PAGA); *see also Rodriguez v. Emeritus Corp.*, No. 2:18-CV-00341-KJM-CKD, 2018 WL 4214922, at *6 (E.D. Cal. Sept. 5, 2018) (declining to exercise supplemental jurisdiction over PAGA claim, and remanding PAGA claim to state court once all other claims were dismissed). Aerotek asserts that this Court should retain the PAGA claim to decide a "significant federal issue," that is, "whether, after the Supreme Court's decision in *Epic Systems*, enforcing the FAA requires dismissal of Plaintiff's representative claim in light of his agreement to waive pursuing claims on a representative basis." Opp. at 11, ECF 90. This Court has addressed that issue, above.

In short, the Court perceives no reason why it should continue to exercise supplemental jurisdiction over the PAGA claim now that the claims over which it had original jurisdiction have been dismissed. Aerotek's assertion that the Court lacks discretion to remand the PAGA claim finds no support in the authorities it cites. Aerotek relies most heavily on *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087 (9th Cir. 2010), holding that the denial of class certification does not divest federal courts of jurisdiction over cases removed pursuant to CAFA. *United Steel* does not address district court's discretion to decline the exercise of supplemental jurisdiction, and thus has no application here. Nor do the cases cited by Aerotek holding that "[t]he well-established general rule is that jurisdiction is determined at the time of removal, and nothing filed after removal affects jurisdiction." *Sanchez v. The Ritz Carlton*, No. CV 15-3484 PSG (PJWx), 2015 WL 4919972, at *2 (C.D. Cal. Aug. 17, 2015). This Court never had CAFA jurisdiction over Echeverria's PAGA claim for the reasons discussed above. The Court had, and has, *supplemental* jurisdiction over the PAGA claim. Under § 1367(c), the Court has discretion whether or not to exercise that jurisdiction. The same would be true even if the claims giving rise to CAFA jurisdiction had not been dismissed. *See* 18 U.S.C. § 1367(c) (enumerating bases for declining to exercise supplemental jurisdiction).

Echevarria's motion to remand is GRANTED. At the hearing, Aerotek's counsel indicated that if the Court denies its motion and grants Echevarria's motion to remand, Aerotek would like an opportunity to appeal. The Court's remand order therefore is STAYED for thirty days.

## IV. ORDER

(1) Aerotek's Motion to Compel Individual Arbitration and Dismiss Representative Claim is DENIED;

(2) Echevarria's Motion to Remand is GRANTED; and

(3) The remand order is STAYED for thirty days.

Dated: June 17, 2019

BETH LABSON FREEMAN
United States District Judge