UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAIME ECHEVARRIA,<br>Plaintiff,<br>v.<br>AEROTEK, INC.,<br>Defendant. | Case No. 16-cv-04041-BLF<br><br>**ORDER GRANTING MOTION TO STAY ALL PROCEEDINGS PENDING APPEAL**<br><br>[Re: ECF 99] |

For the reasons discussed below, the Court GRANTS Defendant Aerotek, Inc.'s motion to stay all proceedings pending appeal of this Court's order issued June 17, 2019.

**I.    BACKGROUND**

Plaintiff Jaime Echevarria, a former temporary services employee of Defendant Aerotek, Inc., filed this action in the Santa Clara County Superior Court, asserting putative class claims on behalf of Aerotek's current and former temporary services employees for violations of state labor laws and unfair competition laws, as well as a representative claim under California's Private Attorneys General Act ("PAGA"). *See* Notice of Removal Exh. 1, ECF 1. Aerotek removed the action to federal district court, premising federal subject matter jurisdiction on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Notice of Removal ¶¶ 3-5, ECF 1. After the Supreme Court issued *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612 (2018), the parties stipulated to Echevarria's dismissal of his individual and putative class claims, leaving only his PAGA claim for disposition. Stipulation at 3, ECF 78.

Aerotek thereafter filed a motion seeking dismissal of Echevarria's representative PAGA claim and seeking to compel arbitration of any individual PAGA claim. Echevarria opposed that motion and sought remand to the state court, arguing that the Court's jurisdiction over the PAGA claim was supplemental to its CAFA jurisdiction over the other claims, and that it would be appropriate for the

Court to decline continued exercise of supplemental jurisdiction following dismissal of the claims giving rise to CAFA jurisdiction.

On June 17, 2019, this Court issued an order ("June 17 Order") denying Aerotek's motion and granting Echevarria's motion. *See* June 17 Order, ECF 96. The Court stayed its June 17 Order for thirty days to afford Aerotek an opportunity to file a notice of appeal before the case was remanded. *See id.* Aerotek filed a timely notice of appeal on June 25, 2019, and a motion to stay pending appeal on July 3, 2019. On July 5, 2019, the Court granted Aerotek's unopposed administrative motion to shorten time for briefing the stay motion. *See* Order, ECF 102. The Court vacated the hearing on the stay motion and indicated that it would be submitted for decision without oral argument upon completion of the briefing. *See id.* Briefing was completed on July 12, 2019. *See* Reply, ECF 104. The stay motion therefore is ripe for disposition.

## II. LEGAL STANDARD

A stay pending appeal is a matter of judicial discretion that "'is dependent upon the circumstances of the particular case.'" *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). "Judicial discretion in exercising a stay is to be guided by the following legal principles, as distilled into a four factor analysis in *Nken*: '(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Lair*, 697 F.3d at 1203 (quoting *Nken*, 556 U.S. at 434).

The first factor does not require the movant to show that success on the merit is more likely than not. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011). A demonstration of "a substantial case on the merits" or the existence of "serious legal questions" may be sufficient depending on the strength of the movant's showing on the other factors. *Id*. at 966-67. The burden is heavier with respect to the second factor, as the movant must show that absent a stay, "an irreparable injury is the more probable or likely outcome." *Id*. at 968. "Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." *Nken*, 556 U.S. at 435. Where the movant has

1  made a lesser showing on the first factor – establishing serious legal questions rather than a strong

2  likelihood of success on the merits – the movant must show that the balance of hardships tips

3  sharply in its favor. *Leiva-Perez*, 640 F.3d at 970.

**III. DISCUSSION**

    **A. Likely to Succeed / Serious Legal Questions**

Aerotek's appeal raises serious legal questions both with respect to the effect of *Epic* on the continuing validity of the Ninth Circuit's decision in *Sakkab v. Luxottica Retail N. Am., Inc.*, 803 F.3d 425 (9th Cir. 2015), and with respect to the interplay between CAFA jurisdiction and PAGA claims in the removal and remand contexts. On the first issue, regarding the effect of *Epic*, this Court recognized that circuit precedent can be effectively overruled by Supreme Court decisions that are closely on point, even where they do not expressly overrule the circuit decision. *See* June 17 Order at 6, ECF 96. This Court agreed "that the aspects of *Epic* highlighted by Aerotek may foreshadow a reversal of *Sakkab* were the Supreme Court to take up the interplay between the FAA and *Iskanian* at some future date," and acknowledged that at least one district court has applied *Epic* in a manner inconsistent with *Sakkab*. *See id.* at 7. While this Court concluded that *Sakkab* remains good law, its June 17 Order reflects that Aerotek's argument to the contrary has substance. On the second issue, regarding a district court's continued jurisdiction over a PAGA claim once the claims giving rise to removal under CAFA have been dismissed, the Court was surprised to find only a few relevant cases. While this Court ultimately rejected Aerotek's argument that it lacked discretion to remand the PAGA claim, it did so in the absence of a Ninth Circuit case squarely on point. The Court therefore concludes that the first factor is met.

Echevarria's arguments to the contrary are not well-taken. Echevarria mischaracterizes the first issue on appeal as "whether [ ] a PAGA claim can be compelled to arbitration." Opp. at 6, ECF 103. According to Echevarria, that issue does not present a serious legal question, in part because the California Court of Appeal recently "reiterated that *Iskanian*'s rule precluding arbitration of PAGA claims is not impacted in any way by *Epic Systems*." Opp. at 7. *Iskanian* does not preclude arbitration of PAGA claims; it precludes *waivers* of representative PAGA claims. *See Iskanian v. CLS Transportation Los Angeles, LLC*, 59 Cal.4th 348, 384 (2014) ("We

3

conclude that where, as here, an employment agreement compels the waiver of representative claims under the PAGA, it is contrary to public policy and unenforceable as a matter of state law."). In *Sakkab*, the Ninth Circuit held expressly that the *Iskanian* rule is not preempted by the Federal Arbitration Act in part because "[t]he *Iskanian* rule prohibiting waiver of representative PAGA claims does not diminish parties' freedom to select informal arbitration procedures." *Sakkab*, 803 F.3d at 435. The critical question presented by Aerotek's motion was whether *Sakkab*, which clearly bars enforcement of the parties' express waiver of representative actions, remains good law after *Epic*. *See* June 17 Order at 3, ECF 96. This Court concluded "that *Epic* did not abrogate *Sakkab*, and therefore that Aerotek has not demonstrated grounds for dismissal of Echevarria's representative PAGA claim." *See id.* at 4. While Echevarria correctly points out that other district courts to address the issue have taken the same view, the impact of *Epic* on *Sakkab* presents a serious legal question.

Echevarria asserts that Aerotek has not demonstrated a serious legal question with respect to the Court's decision to remand the PAGA claim because it has not cited any cases supporting its position. There are surprisingly few cases addressing the propriety of remanding a PAGA claim once the claims giving rise to CAFA removal have been dismissed, and none of those cases devote substantial discussion to the issue. Under these circumstances, the fact that Aerotek was unable to locate a case directly supporting its position does not undermine the conclusion that the issue presents a serious legal question.

Because Aerotek has demonstrated the existence of serious legal questions rather than a likelihood of success on the merits, Aerotek must establish irreparable injury and that the balance of hardships tips sharply in its favor in order to obtain a stay.

**B.      Irreparable Injury**

Absent a stay, the matter will be remanded and Aerotek will be required to litigate a representative PAGA claim that encompasses more than 100,000 employees in state court. The expenditure of money and resources by the parties and the state court will be wasted in the event that Aerotek prevails on appeal. "Generally, monetary expenses incurred in litigation are not considered irreparable harm." *Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013

4

WL 1832638, at *2 (N.D. Cal. May 1, 2013). However, "[i]f a party must undergo the expense of trial before being able to appeal denial of a motion to compel arbitration, the anticipated advantages of arbitration – speed and economy – are lost." *Id.* For that reason, many district courts have concluded that "costs of litigation in the face of a denied motion to compel arbitration will generally constitute irreparable harm." *Murphy v. DirecTV, Inc.*, No. 2:07-CV-06465-FMC, 2008 WL 8608808, at *2 (C.D. Cal. July 1, 2008) (internal quotation marks and citation omitted) (collecting cases); *see also Zaborowski*, 2013 WL 1832638, at *2 (finding that the defendant would suffer irreparable injury if court declined to grant stay pending appeal of court's denial of motion to compel arbitration); *Eberle v. Smith*, No. 07-CV-0120 W(WMC), 2008 WL 238450, at *3 (S.D. Cal. Jan. 29, 2008) ("Thus, when appealing the denial of a motion to compel arbitration, courts have considered ongoing litigation expenses as irreparable injury.").

Echevarria argues that Aerotek cannot show irreparable injury here because "the issues which Defendant appeals upon is not determinative of the actual merits of this case, but is merely one procedural aspect of it – whether this case belongs in State Court, Federal Court, and/or arbitration." Opp. at 8-9, ECF 103. According to Echevarria, "[h]owever Defendant's appeal pans out, it will still ultimately have to face the claims set forth in this lawsuit." Opp. at 9. This argument ignores the fact that if Aerotek prevails on appeal, Echevarria's representative PAGA claim will be *dismissed*. Accordingly, the appeal is not merely determinative of a procedural issue – where the PAGA claim is litigated – but *whether* the PAGA claim can be litigated at all on a representative basis. Under these circumstances, the Court concludes that the irreparable injury factor is satisfied.

### C. Prejudice to Other Parties

Echevarria clearly will suffer some prejudice if his PAGA action is delayed during the pendency of the appeal in the Ninth Circuit. However, "[w]hen a defendant appeals an order refusing to compel arbitration, the general disadvantage to plaintiff caused by delay of proceedings is usually outweighed by the potential injury to defendant from proceeding in district court during pendency of appeal." *Eberle*, 2008 WL 238450, at *3. "[A] plaintiff may be able to show prejudice by citing particular witnesses or documents that may be adversely affected by a stay."

5

*Id.* Echevarria has not identified any particular witnesses or documents, arguing only generally that his ability to access both will be prejudice as the case becomes more stale. Thus "any risk of lost evidence is entirely speculative at this point." *Murphy*, 2008 WL 8608808, at *3.

Echevarria argues that this case already has been pending for more than three years, attributing that delay to Aerotek's insistence on filing motions and an interlocutory appeal. In fact, Aerotek prevailed on its appeal, and it cannot be faulted for seeking to enforce its contractual rights by way of motion.

Accordingly, the Court concludes that any prejudice that Echevarria would suffer as a result of a stay pending appeal is outweighed by the prejudice Aerotek would suffer absent a stay.

### D. Public Interest

"The policy underlying the FAA is to promote judicial efficiency and economy." Zaborowski, 2013 WL 1832638, at *3. In this case, substantial judicial resources would be wasted if the representative PAGA claim were litigated in the state court, only for the Ninth Circuit later to determine that it should have been dismissed here.

### E. Conclusion

Having weighed the relevant factors and considered the arguments of the parties, the Court concludes that Aerotek has demonstrated that its appeal presents serious legal questions, that it would suffer irreparable injury absent a stay pending appeal, and that the balance of hardships tips sharply in Aerotek's favor with respect to the remaining factors of prejudice to others and the public interest.

## IV. ORDER

The motion for stay pending appeal is GRANTED.

Dated: July 16, 2019

_____
BETH LABSON FREEMAN
United States District Judge